The Chief Justice
delivered the opinion of the court.*
This was a suit in chancery, brought by Bramblet’s heirs against Pickett’s heirs, in the Bourbon circuit court.
At the November term, 1817, the following entry was made:
“On motion of the complainants, it is ordered, that this “suit be dismissed, and that they pay to the defendants their “costs, by them about their defence in this behalf expend“ed, per agreement filed.”
At the May term following, the complainants having been directed, by an order of that term, to appear and shew cause why the decree, pronounced at the former term, should not be amended by making the decree conformable in substance with the whole of the written agreement refered to in said decree, the court, at the instance of the defendants, amended the decree by directing that the complainants should deliver up to the defendants, certain lands refered to in the agreement, and awarded to them a writ of habere facias possessionem.
To thus altering the decree, the complainants excepted, and have appealed to this court.
The summary mode adopted in this case, of correcting or altering the decree, is certainly not consistent with the usage of courts of equity. After the term has expired during which a final decree has been pronounced, a bill of review is the only legitimate mode by which the same court can correct any error in the substance of its decree. Courts of common law do, we know, in virtue of various statutory provisions, possess the power of correcting or amending, on motion, the misprisions of their clerk, after the term at which the judgment has been rendered, has elapsed, provi *11 ded there be in the record any thing by which the correction or amendment can be made. And although there is no statutory provision of that sort in relation to courts of equity, yet we would not be misunderstood as denying that they might rightfully exercise the same power. But the alteration in this case cannot, we apprehend, be deemed to be the correction or amendment of a mere clerical misprison. It was, in fact, a total change of the substance of the decree, or rather it was pronouncing an entire new decree, except as to costs.
But admitting it to have been a mere clerical mistake that was amended, still there was nothing in the record by which the amendment could be made. As the written agreement was filed and referred to in the former decree, it may be taken as part of the record, but the agreement itself contains nothing from which it can be inferred that it was the intention of the parties that the stipulations of the agreement should be entered up as the decree of the court. On the contrary, the stipulation that the complainants would peaceably deliver possession, plainly implies that it was expected by the parties to be a voluntary act, and that coercion, by legal process, was unnecessary.
The amended decree must be reversed with costs.

 Absent, Judge Rowan.